[Civ. No. 1210.   Second Appellate District.—November 9, 1912.]

LEVI VREDENBURGH, Respondent, v. JAMES C. RE-HER, Appellant.

ELECTION CONTEST—PROPER RULINGS ON BALLOTS—PROPER JUDGMENT. It is held that the court, in an election contest, properly excluded a ballot on which the cross was not in the voting square, but at a distance therefrom, and within the rectangular space containing the name of the candidate; and properly refused to exclude ballots properly stamped for one candidate, but containing an indistinct mark opposite the name of the other candidate produced by a blot occasioned in folding the ballot, and properly counted ballots not containing any distinguishing mark, and correctly determined all of the questions presented, and reached a proper judgment.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Ralph E. Swing, for Appellant.

Willis & Guthrie, for Respondent.

ALLEN, P. J.—This appeal involves a contest over the result of an election for the office of trustee, held in the city of Chino April 8, 1912, at which election the parties hereto were rival candidates for such office. The election returns as certified by the board of election show contestee Reher to have received a plurality of the votes cast at such election. The canvassing board found the result as so returned and declared Reher elected to such office, and ordered a certificate of

election issued to him, which certificate was issued and contestee thereupon qualified. This contest was commenced within due time and a recount had, at which time the trial court found in favor of contestant and ordered judgment in his favor, from which the contestee appeals.

The questions presented upon the appeal relate alone to the action of the court with reference to certain ballots presented upon the recount and which original ballots are before this court for examination. We are unable to see that the court erred in its action in relation to such ballots. Plaintiff's exhibit 4 is a ballot on which the cross is not in the voting square, but a distance therefrom and within the rectangular space containing the name of the candidate. Under section 1211 of the Political Code this ballot should not be counted and the trial court so declared. It is claimed by appellant that the ballot marked "Exhibit A" should have been counted for contestee. We think upon an inspection it is obvious that no cross was intended to be placed in the square opposite contestee's name, but that the indistinct mark there was produced through a blot occasioned by folding the ballot. The ballots marked exhibits F and G, when examined, clearly appear to have a cross in the square opposite the name of contestant and that the apparent mark opposite contestee's name was also produced by blot occasioned in folding the ballot. Ballot marked "Exhibit D," to our minds, shows the cross in the proper place, entitling it to be counted for contestant. We do not regard the ballot marked "Exhibit H" as objectionable upon the ground of a distinguishing mark, under section 1211 of the Political Code. Exhibit I, while indistinct, appears by a critical examination to contain the cross in the proper place, opposite the name of contestant. It is apparent that the mark was not produced, as in the other cases, through careless folding of the ballot. We think this ballot was properly counted for contestant. The carelessness of the voters in the instances presented renders it a difficult matter to determine in every case what intent the voter clearly expressed. We think, however, that the learned trial judge correctly determined the questions presented, and that the judgment of the superior court should be affirmed, and it is so ordered.

James, J., and Shaw, J., concurred.